IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                        )<br>                        Plaintiff,        )<br>                                                        )<br>vs.                                                  )<br>                                                        )<br>THERESE M. KEHOE,                  )<br>                                                        )<br>                        Defendant.      ) | Case No. 4:06CR3010<br><br>**TENTATIVE**<br>**FINDINGS** |

I am in receipt of the presentence investigation report and addendum in this case. Except for the defendant's objection (filing 26) to amount of loss and restitution and the defendant's motion for downward departure, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's objection (filing 26) to amount of loss and restitution will be resolved at sentencing. The defendant's motion for downward departure

(filing 24) is granted and the court will impose a sentence that does not include a period of incarceration. The court notes that the government is recommending that no period of incarceration be imposed and the multiple factors set forth in the excellent brief of the defendant (filing 25) warrant a departure under U.S.S.G. §§ 4A1.3 and 5K2.0.

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

September 7, 2006.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge